JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1003 PA (FFMx) | Date | May 14, 2015 |
|---|---|---|---|
| Title | Bozena Klune v. Ashley Furniture Industries, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**    IN CHAMBERS — COURT ORDER

On May 8, 2015, the Court entered judgment in Bozena Klune v. Ashley Furniture Industries, Inc., et al., Case No. CV 14-3986 PA (FFMx) ("Klune I"). That judgment, entered pursuant to plaintiff Bozena Klune's ("Plaintiff") acceptance of an Offer of Judgment by defendants Ashley Furniture Industries, Inc. and Stoneledge Furniture, LLC ("Defendants"), included an order that "claims 13 through 23 in [the above-captioned matter] are dismissed with prejudice."

Claims 13 through 23 are wage and hour claims brought by Plaintiff individually and on behalf of a putative class. The judgment in Klune I dismissed her individual claims in this case. Under these circumstances, the Court finds that Plaintiff is not a class representative who "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).[1/] Nor does the First Amended Complaint identify any other potential class representatives. Accordingly, the putative class claims 13 through 23 are dismissed without prejudice.

In addition to claims 13 through 23, the First Amended Complaint in this case includes individual claims for (1) violations of Cal. Lab. Code §§ 96(d), 98.6, 232, 232.5, and 1102.5(c); (2) wrongful termination in violation of public policy or statute; (3) harassment based on age, sex, national

---

[1/]    Plaintiff has previously argued that "[a]cceptance of a Rule 68 offer may moot a named plaintiff's substantive claim, but it need not moot her interest in representing the class." (Response to Proposed Rule 68 Judgment, CV 14-3986 PA (FFMx), Docket No. 113.) The authority cited in support of this argument is not applicable here. In Mavris v. RSI Enterprises, Inc., 303 F.R.D. 561 (D. Ariz. 2014), the court was concerned about class action defendants "picking off" class representatives to avoid ever having to pay a judgment to all class members. Here, of course, the Court has already certified a related class in Vaquero v. Ashley Furniture Industries, Inc., et al., No. CV 12-8590 PA (MANx). Moreover, the Court in Mavris could not and did not disregard the fact that Rule 23 must be satisfied in any event. Here, Plaintiff has not only settled her individual claims, but has separately demonstrated that she simply cannot adequately represent the interests of the putative class—for example, by failing to timely move for class certification in Klune I.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1003 PA (FFMx) | Date | May 14, 2015 |
|---|---|---|---|
| Title | Bozena Klune v. Ashley Furniture Industries, Inc., et al. | | |

origin/ancestry, medical conditions, and actual and perceived physical disabilities; (4) discrimination and retaliation based on age, sex, national origin/ancestry, medical conditions, and actual and perceived physical disabilities in violation of Cal. Gov. Code §§ 12940(a) and 12940(h); (5) failure to accommodate in violation of Cal. Gov. Code § 12940(m); (6) failure to engage in the interactive process in violation of Cal. Gov. Code § 12940(n); (7) failure to prevent discrimination and harassment in violation of Cal. Gov. Code § 12940(k); (8) breach of contract; (9) estoppel; (10) negligent misrepresentation; (11) assault and battery; and (12) defamation.

Plaintiff's individual claims 1 through 12 arise out of circumstances that are distinct from those that support claims 13 through 23 (which are now dismissed). Supplemental jurisdiction is conferred by 28 U.S.C. § 1367, which provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). "Nonfederal claims are part of the same 'case' as federal claims when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." Kuba v. 1-A Agric. Ass'n, 387 F.3d 850, 855-56 (9th Cir. 2004) (quoting Trs. of the Constr. Indus. & Laborers Health & Welfare v. Desert Valley Landscape & Maint., Inc., 333 F.3d 923, 925 (9th Cir. 2003)). In other words, "'pendent claims remain within the court's jurisdiction if the vital facts that must be proved as predicates of the [federal claim] are the same as those that must be proved to establish [the state claims].'" Does 1-4 v. Arnett, No. SACV 12-96-JST (ANx), 2012 WL 3150934, at *4 (C.D. Cal. Aug. 1, 2012) (quoting Republic of the Phil. v. Marcos, 862 F.2d 1355, 1360 (9th Cir. 1988)).

Here, the putative class claims – which focus on wage and hour violations – do not share a common nucleus of operative fact with Plaintiff's remaining claims 1 through 12 – which focus on the individual circumstances of Plaintiff's termination and alleged discrimination and harassment. Specifically, Plaintiff's employment discrimination and harassment claims arise out of circumstances that are distinct from those that support wage and hour claims and the scope of discovery and proof required to support the discrimination claims will differ substantially from the issues related to her wage and hour claims. Thus, the Court is not convinced that Plaintiff's employment discrimination and harassment claims form part of the same case or controversy as the wage and hour claims. As a result, the Court does not possess supplemental jurisdiction over Plaintiff's claims 1 through 12.

Moreover, even if the Court does possess supplemental jurisdiction over Plaintiff's claims 1through 12, it appears that these claims "substantially predominate" over claims 13 through 23 such

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1003 PA (FFMx) | Date | May 14, 2015 |
|---|---|---|---|
| Title | Bozena Klune v. Ashley Furniture Industries, Inc., et al. | | |

that it would be appropriate for the Court to decline to exercise supplemental jurisdiction. District courts may decline to exercise supplemental jurisdiction if:

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Here, because claims 1 through 12 are likely to involve substantial discovery, witnesses, and trial time that are not related to the proof required to support claims 13 through 23, claims 1 through 12 involve solely state law claims over which the interests of comity appear to favor a state court forum. See De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 312 (3rd Cir. 2003) ("[A] court must examine the scope of the state and federal issues, the terms of proof required by each type of claim, the comprehensiveness of the remedies, and the ability to dismiss the state claims without prejudice to determine whether the state claim constitutes the real body of the case."). The Court therefore determines that it lacks supplemental jurisdiction over claims 1 through 12 and, in the alternative, that those claims substantially predominate over claims 13 through 23. Accordingly, the Court declines to exercise supplemental jurisdiction over the First Amended Complaint's remaining state law claims and dismisses those claims without prejudice. Pursuant to 28 U.S.C. § 1367(d), this Order acts to toll Plaintiff's statute of limitations on his state law claims for a period of thirty (30) days, unless state law provides for a longer tolling period.

For the reasons discussed above, all of the remaining claims in this action are dismissed without prejudice. The pending Motions to Remand (Docket No. 13) and for Judgment on the Pleadings (Docket No. 20) are denied as moot.

IT IS SO ORDERED.

**JS-6**